477 P.2d 104

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Richard Leon RAINE, also known as Christian Anthony Hale, Defend-ant-Appellant.**

No. 10426.

Supreme Court of Idaho.

Nov. 16, 1970.

Philip E. Dolan, Coeur d'Alene, for defendant-appellant.

Robert M. Robson, Atty. Gen., Martin R. Ward and Michael G. Brady, Asst. Attys. Gen., Boise, Gary M. Haman, Pros. Atty., Coeur d'Alene, for plaintiff-respondent.

DONALDSON, Justice.

This is an appeal from a judgment of conviction for forgery[1] and from the denial of a motion for new trial. Appellant (defendant) contends that he is entitled to a new trial since certain evidence was erroneously admitted by the trial court and that he was not given an opportunity to have counsel present at the time he was confronted by the prosecuting witness at the Coeur d'Alene Police Station.

The pertinent facts relating to this appeal are as follows. Richard Leon Raine, also known as Christian Anthony Hale, was arrested and charged with the commission of the crime of forgery. The incident precipitating his arrest was appellant's attempt to cash a check at Redmond's Fine Foods in Coeur d'Alene, Idaho, on December 16, 1968. While the owner of the market was in the process of "okaying" the check and asking for identification, he noticed that the check presented to him by the appellant was an "old type check" which

1. "18-3606. *Fictitious bills, notes, and checks—Making, passing, uttering, or publishing.*—Every person who makes, passes, utters, or publishes, with intention to defraud any other person, or who, with the like intention, attempts to pass, utter or publish, or who has in his possession, with like intent to utter, pass, or publish, any fictitious bill, note or check, purporting to be the bill, note, or check, or other instrument in writing for the payment of money or property of some bank, corporation, copartnership, or individual, when in fact, there is no such bank, corporation, copartnership, or individual in existence, knowing the bill, note, check, or instrument in writing to be fictitious, is guilty of forgery and punishable as provided by section 18-3604."

"have been out of circulation." [2] The proprietor "knew right then that I [he] had better check it out." When the proprietor stated that he was going to call the bank, the appellant left the store very rapidly and "just kept running." The proprietor observed the appellant get into an automobile and drive off whereupon he recorded the license number of the car and immediately telephoned the police.

Later that day, the proprietor went to the police station where he identified a picture of the appellant. While at the police station, the proprietor glanced into a room and saw the appellant whereupon he remarked, "That's one of them right there." There was no official "lineup" conducted by the police and no showing that a viewing was planned.

During the trial, an employee of the food store, Marie Streeter, testified that the individual on trial was the same one who gave her the questionable check.

Subsequent to trial, the jury returned a verdict of guilty of the crime of forgery and appellant was sentenced to the Idaho State Penitentiary for a period not to exceed five years. Richard Leon Raine has appealed to this Court from the judgment of conviction and from the order of the district court denying his motion for a new trial.

In support of this appeal, appellant urges that the trial court erred by denying his motion to suppress all evidence and testimony of the prosecuting witness (proprietor of the grocery store) with respect to the identification made at the Coeur d'Alene police station since it is claimed that the identification was made subsequent to an irregular and suggestive police identification procedure.[3] Appellant maintains that the combination of (1) showing the witness a picture of the appellant just prior to permitting the witness to view him and (2) allowing the witness to view the accused in a highly suggestive atmosphere constituted error according to several United States Supreme Court decisions.[4] This Court does not condone highly suggestive police station identification procedures. However, assuming arguendo that such was the case (which is by no means clear from the record), according to the applicable case law,[5] appellant's contentions are without merit. In 1967, the United States Supreme Court decided a trio [6] of cases concerning the right to counsel at pretrial identifications of the accused. However the facts of this case are entirely different. In the case at bar, witness Marie Streeter, who observed the appellant in the grocery store on the day of the alleged robbery (December 16, 1968) and who did not observe the appellant at any other time except at his preliminary hearing and then at his trial (she did not observe him at the police station), testified that the individual on trial was the one who passed the questionable check. Thus there is no doubt that there was a positive identification of the defendant-appellant regardless of whether the identification made by the proprietor at trial was legally inadmissible because it may have been tainted by an illegal police procedure. It is to be emphasized that this Court is not deciding whether the identifi-

---

2. The basis for the witness's statement was a recognition that the check did not have an account number on it. The check was a "counter check," i. e., one without an account number imprinted thereon.

3. The witness was permitted to view the accused through an open passageway or doorway prior to the identification. Appellant draws attention to the fact that there was an absence of the official police line-up procedure with respect to his identification.

4. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

5. See F.N. 4.

6. See F.N. 4.

cation by the proprietor was admissible[7] but rather that even if the district court erroneously admitted evidence of the identification by the proprietor, that, at most, harmless error resulted because a positive (in court) identification of the appellant was made which was untainted by the identification procedure occurring in the Coeur d'Alene police station on December 16, 1968. The test for determining whether certain evidence was erroneously admitted at trial is whether or not it can be said that there was a reasonable possibility that the evidence correctly complained of as inadmissible might have contributed to the conviction. Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). Since the record in the case at bar reveals that the (in court) identification of the appellant had an independent origin (i. e., testimony of witness Marie Streeter) exclusive of any connection with the identification occurring in the Coeur d'Alene police station on December 16, 1968, and since it is the opinion of this Court that the proprietor's testimony identifying the appellant in no way *tainted* the unquestionably admissible identification made by witness Marie Streeter, the appellant's contentions are without merit.

In his final attempt to secure a new trial, appellant maintains that the jury was incorrectly instructed by the trial court[8] since he contends that the prosecution was required to prove *beyond a reasonable doubt* that there existed no such individual whose name was signed on the questionable check. The authorities however do not sustain his contention.

"Hence, evidence is relevant which shows or tends to show the existence or nonexistence of the person who is sup-

posed or pretended to be indicated by the name; *but the state need not prove beyond a reasonable doubt that there was no such person.*" 3 H. C. Underhill, A Treatise on the Law of Criminal Evidence, § 778, p. 1785 (5th ed. 1957). (emphasis supplied).

The doctrine of reasonable doubt applies to proof of guilt, and not to the establishment of each incident or event inculpating the defendant. People v. Klinkenberg, 90 Cal.App.2d 608, 204 P.2d 47, 613 (1949); People v. McGill, 10 Cal.App.2d 155, 51 P.2d 433 (1935). Reasonable doubt must arise from all facts in evidence when considered together. State v. Nolan, 31 Idaho 71, 169 P. 295 (1917).

Judgment affirmed.

McFADDEN, C. J., and McQUADE, SHEPARD and SPEAR, JJ., concur.

---

7. The United States Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) intimated that a hearing is to be held at the trial level to determine whether the in court identifications which are claimed to be inadmissible had an independent source. See also, Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966).

8. Specifically objected to is Instruction No. 5.
"YOU ARE INSTRUCTED that whether the person whose name is signed to the instrument is real or fictitious is a question for you, the jury to determine; but the State need not prove beyond a reasonable doubt that there was no such person."