761 P.2d 1231

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dennis MISSAMORE, Defendant–Appellant.**

**No. 16494.**

Court of Appeals of Idaho.

July 28, 1988.

Rehearing Denied Oct. 11, 1988.

defense." *Miku,* 193 So.2d at 18. (Quoted with approval in *Shaffer,* 510 So.2d at 603, fn. 1.)

Dan J. Rude, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

A jury found Dennis Missamore guilty of aggravated assault on a law enforcement officer. Missamore appeals the judgment of conviction, contending that evidence of his blood alcohol level was erroneously admitted at trial, and that the prosecutor made improper closing remarks which prejudiced the jury. We must determine whether the admission of the evidence was erroneous and, if so, whether it contributed to the conviction. We must also determine whether the prosecutor's remarks constitute reversible error. For reasons explained below, we affirm.

The events of August 17, 1985, are best summed up by Missamore's statement: "[W]hen I got up that morning that was the wrongest thing I did. It was just a bad day all the way." The unfortunate events began when a police officer recognized Missamore driving a vehicle, and having personal knowledge that Missamore was not licensed to drive, the officer attempted to stop Missamore's vehicle. Missamore kept driving toward his rural home. Once there, he pointed a shotgun at the approaching officer who immediately backed off and called for assistance. County officers arrived and attempted to talk Missamore into leaving his weapon and coming to them. Missamore refused the requests, shouting angrily about the police officer. Missamore walked away into the wooded countryside as the sun was going down. During this stalemate, lasting approximately one and one-half hours, law enforcement officers moved to effectuate an arrest on Missamore. Missamore came within close proximity of a Sheriff's deputy. The deputy shouted: "Sheriff's Department, drop the gun!" Missamore turned, his gun still in hand, and faced the deputy. Missamore's gun was pointing in the direction of the deputy. The deputy felt threatened and fired one round at Missamore. Missamore was wounded and quickly subdued. From this incident Missamore was charged with aggravated assault on a law enforce-

ment officer. *See* I.C. §§ 18–901, 905 and 915.

▌ At trial, testimony showed that Missamore had consumed alcoholic beverages prior to the confrontation with the police. The prosecutor also offered into evidence the result of a blood alcohol concentration test performed on a blood sample taken from Missamore on the night of the assault. Missamore objected to the test result on the grounds of relevancy and foundation. The district judge admitted the result, holding it relevant to the issue of intent. Missamore submits that the admission of this evidence was erroneous. We now turn to this issue.

Initially, Missamore challenged the foundation laid by the state for admission of the blood test result, contending that the state failed to establish a chain of custody for the blood sample. At oral argument this contention was withdrawn, leaving only the relevancy question. As noted, the evidence was admitted as relevant proof of intent. However, we need not decide whether the blood test result was relevant evidence for the state's case in chief; we believe the admission of the evidence, even if error, was harmless.

The erroneous admission of evidence will be deemed harmless if on appeal we find, beyond reasonable doubt, that the evidence did not contribute to the conviction. *State v. Raine*, 93 Idaho 862, 477 P.2d 104 (1970); *State v. Rodriquez*, 106 Idaho 30, 674 P.2d 1029 (Ct.App.1983). Missamore maintains that the evidence of his blood alcohol test result was prejudicial. We are not convinced. As noted, testimony was adduced, without objection, that Missamore had been consuming alcoholic beverages. The test result simply confirmed that undisputed fact. Moreover, the evidence of intoxication actually could have been exculpatory under the instructions the trial court gave the jury on intent. *Compare State v. Jamison*, 110 Ariz. 245, 517 P.2d 1241 (1974), *overruled on other grounds, State v. Mikels*, 118 Ariz. 495, 578 P.2d 174 (1978). We find beyond a reasonable doubt that the blood alcohol test result did not contribute to Missamore's conviction.

▌ We now address the issue of whether the prosecutor's closing remarks were improper. Missamore assigns error to the following comments.

By your verdict you will be speaking for the community in this very sensitive case. Please when you do that don't let it be, Officer, we want next time when faced with a weapon for you to wait that extra second. Please, don't let that be what you want to say to the community.

When someone that does something like this is acquitted and the evidence doesn't support that acquittal they become stronger. Please, don't let that happen. Don't let the next officer who gets involved with Dennis Missamore have to go through the same situation, doesn't have to worry about his life.

You will be speaking for the community. The community will lose if justice is not done. And justice will not be done if the evidence, if the verdict is not supported by the evidence. I am asking for the only reasonable verdict and that is aggravated assault.

The Defense Attorney has put in several requests for lesser included instructions. What he is doing, I would submit, is plea bargaining with you. The time of plea bargaining is over. Hold the evidence up and look at it—.

MR. RUDE: I'm going to object to that, your honor.

THE COURT: Just a minute.

MR. RUDE: The court is the one that submits the instructions. I think it's improper for Mr. Kane to comment on who put what instructions in.

THE COURT: I would sustain the objection, Mr. Kane. The jury is admonished to disregard any remarks about the lesser included offenses.

MR. KANE: May I proceed?

THE COURT: Go ahead.

MR. KANE: In any event, please look at the evidence, apply it to the law and you'll come out with the right verdict and that is guilty of the crime of aggravated assault on a police officer.

Thank you.

Missamore maintains that the remarks constitute reversible error. He makes two distinct contentions. First, he contends the prosecutor improperly predicted future confrontations between Missamore and the police. This, he asserts, prejudiced the jury by suggesting that they should speculate about Missamore's propensity for criminal conduct. However, this issue was not timely raised in the trial court. Missamore made no objection to that argument; nor did he move for a mistrial or otherwise challenge the comment before the case was submitted to the jury. The need for timely objection should be apparent. Not only will an objection preserve an alleged error, it also alerts the trial judge to the error and permits him to make an appropriate ruling and, if necessary, provide a curative admonition to the jury.

In a criminal case we temper the failure to timely preserve an issue by the doctrine of fundamental error. When this standard is applied to prosecutorial argument, the error is fundamental only if "the comments ... [were] so egregious or inflammatory that any prejudice arising therefrom could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded." *State v. Ames*, 109 Idaho 373, 376, 707 P.2d 484, 487 (Ct. App. 1985). We are not persuaded that the remark here was so egregious or inflammatory that any prejudice arising therefrom could not have been remedied by a ruling from the trial court. Accordingly, we hold that the remark was not fundamental error, thereby requiring reversal of the judgment of conviction.

 Missamore's other contention is that the prosecutor improperly described the instructions on lesser included offenses as defense counsel's attempt to plea bargain. Instructions on lesser included offenses are mandated by I.C. §§ 19–2132,[1] by I.C.R. 31(c), and by case law, *State v. Mason*, 111 Idaho 660, 726 P.2d 772 (Ct. App. 1986). Implying that such instructions are an attempt at plea bargaining is improper.

However, Missamore's objection to the comment was immediately sustained and the court admonished the jury to disregard the comment. Following that ruling the prosecutor promptly concluded his argument. We are not persuaded that the prosecutor's comment carried sufficient residual impact, after the the trial judge's ruling and admonition, to constitute reversible error.

Accordingly, the judgment of conviction is affirmed.

WALTERS, C.J., and BURNETT, J., concur.

---

1. The 1988 Idaho Legislature changed this statute to require instructions on lesser included offenses only if requested by one of the parties and when supported by the evidence. I.C. § 19–2132(b), ch. 327, 1988 Idaho Sess. Laws 989–90.