[Criminal No. 168.   Filed March 20, 1903.]

[71 Pac. 911.]

PASQUEL MAZZOTTE, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. Criminal Law—Assault with Deadly Weapon—Evidence—Circumstantial—Sufficiency.—Defendant went to the house of De Grazia and called to De Grazia to come out. De Grazia's son came to the door and asked, "What do you want?" Defendant replied, "Tell your father to come out. I want to kill him." The boy replied that his father was changing his clothes, whereupon defendant

said, ''You come out.'' The son stepped out, and then defendant said, ''If I can't get your father, I will get you,'' and immediately pulled a pistol, fired at the boy, and then turned and ran. Defendant stood forty feet from the boy when he fired. No one was hit, nor was any mark of a bullet found. *Held,* that the declaration of the defendant that he intended to kill the boy, followed by the act of firing the pistol and his flight, were circumstances from which the jury might reasonably have inferred that the pistol was loaded.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

L. Kearney, for Appellant.

The state must prove the gun was loaded. *State* v. *Napper,* 6 Nev. 113; *Skidmore* v. *State,* 43 Tex. 93.

When a deadly weapon is charged the evidence must so prove. *Kouns* v. *State,* 3 Tex. App. 13; *McGrew* v. *State,* 19 Tex. App. 304; *Hilliard* v. *State,* 17 Tex. App. 210.

The state must prove that the pistol was loaded, capable of inflicting bodily harm, and a deadly weapon. *Klein* v. *State* 9 Ind. App. 365, 52 Am. St. Rep. 354, 36 N. E. 763.

In the case of *People* v. *Jacobs,* 29 Cal. 579, Judge Sawyer held, ''That a pistol may be of such dimensions as to be a deadly weapon without being charged, and it may be so small as to be, without being charged, a very insignificant instrument of assault.'' Cited in *People* v. *Congleton,* 44 Cal. 94; *People* v. *Villarino,* 66 Cal. 229, 5 Pac. 154; *State* v. *Godfrey,* 17 Or. 305, 11 Am. St. Rep. 830, 20 Pac. 625.

Further upon the question that the state must prove the lethal character of the weapon,—that it was in fact a deadly weapon,—see *Branch* v. *State,* 35 Tex. Cr. 304, 33 S. W. 356; *Ballard* v. *State* (Tex. App.), 13 S. W. 674; *Stephenson* v. *State,* 33 Tex. Cr. 162, 25 S. W. 784; *Jenkins* v. *State,* 30 Tex. App. 379, 17 S. W. 938.

E. W. Wells, Attorney-General, for Respondent.

SLOAN, J.—A single question is presented for our determination on this appeal. It is urged that the proof is in-

sufficient to sustain the judgment of conviction of an assault with a deadly weapon, for the reason that the evidence did not establish the lethal character of the weapon used by the defendant.

The proof establishes that Mazzotte, the defendant, on the evening of July 26, 1902, went to the house of one Gregoria De Grazia, in Morenci, and, standing in the street, called to De Grazia, and invited him to come out. . Thereupon Frank De Grazia, a son of Gregoria De Grazia, came to the door and said, "What do you want?" Mazzotte replied: "Tell your father to come out. I want to kill him." The son said that his father was changing his clothes, whereupon Mazzotte said, "You come out." The son, with his mother and little brother, stepped out of the house, and stood in front of and a little to one side of the door. Mazzotte then said, "If I can't get your father I will get you," and immediately thereafter pulled out a pistol, fired at the boy, and then turned and ran away. The place where Mazzotte stood when he fired was about forty feet from the place where De Grazia stood. No one was hit, nor was any mark of a bullet found. The appellant testified that he was drunk upon the day in question, and had no recollection of what he did or what took place at the time. There was no other evidence tending to prove the deadly character of the weapon used by the defendant. "A deadly weapon is one which, from the use made of it at the time, is likely to produce death or great bodily injury. In a case of doubt, the manner in which the weapon is used may be taken into the account in determining whether or not it was deadly." Bishop on Statutory Crimes, sec. 320. In the present case the declaration of the defendant at the time that he intended to kill De Grazia, followed by his act of firing the pistol in the direction of the latter, and his flight, were circumstances from which the jury might reasonably have inferred that the pistol used was loaded. It is a matter within the common knowledge of men that almost any kind of a pistol, if loaded and fired at a person within a distance of forty feet, is capable of inflicting a serious wound. We think the evidence was sufficient to justify the verdict of conviction and to sustain the judgment.

The judgment is affirmed.

Kent, C. J., and Davis, J., concur.