340 P.2d 994

STATE of Arizona, Appellee,

v.

James MACE, Appellant.

No. 1139.

Supreme Court of Arizona.

June 24, 1959.

Martin S. Rogers, Tucson, for appellant.

Wade Church, Atty. Gen., Harry Ackerman, County Atty. of Pima County, Marvin S. Cohen, Deputy County Atty., Tucson, for appellee.

STRUCKMEYER, Justice.

Appellant, James Mace, was tried and found guilty of assault with a deadly weapon, a felony. He appeals. The information charged that he " * * * did * * * wilfully and unlawfully, with and by means of deadly weapons, to-wit: a razor and a .32 Cal. automatic revolver, make an assault upon the person of one Gordon Noe, * * *."

Appellant complains of the fact that the trial court proceeded with the trial in the absence of one Gordon Noe, the complaining witness; and further, did not grant appellant a continuance to secure his presence. Appellant argues (but cites no authority to the effect) that proceeding with the trial in the absence of the complaining witness constitutes a violation of Art. II, § 24, Constitution of Arizona, A.R.S. We hold that it does not. The right of the accused in a criminal prosecution "to meet the witnesses against him face to face" is the right to face those persons whose testimony is offered at trial. People v. Ferguson, 410 Ill. 87, 101 N.E.2d 522, certiorari denied 343 U.S. 910, 72 S.Ct. 643, 96 L.Ed. 1327. Since Gordon Noe did not appear nor testify at the trial, appellant's rights under the cited article of the constitution were not infringed.

As to the denial of a continuance, Rule 244, Rules of Criminal Procedure, 17 A.R.S., states:

"If the application for continuance is on the ground that a witness is absent it shall state: * * * 5. Facts

showing that due diligence has been used to obtain the witness."

Here, appellant did not and could not allege such diligence; hence, the denial of the continuance was not improper. After Gordon Noe signed the original complaint, he signed a statement before a notary public to the effect that he had been compelled, under threat of prosecution, to sign the complaint against his will, and that the affray in question had been merely mutual combat. That appellant knew of this statement prior to the trial is not denied. Appellant was not justified in relying on the State to secure Noe's presence at the trial. State v. Jordan, 83 Ariz. 248, 320 P.2d 446, certiorari denied 357 U.S. 922, 78 S.Ct. 1364, 2 L.Ed.2d 1367. Appellant knew that Noe's testimony could in no way benefit the State's case; rather, it would inure solely to appellant's benefit. Under such circumstances, even though Noe did sign the original complaint, it was incumbent upon appellant to exercise due diligence to insure Noe's presence at the trial. Since appellant had not done so, the trial court was justified in denying the continuance.

■ Appellant assigns as error the fact that both the prosecution and the witnesses referred to the razor mentioned in the information as a "weapon," and unless the object in question falls within the statutory definition, it is improper and prejudicial to allow it, in the course of a criminal trial, to be called a "weapon." It is to be noted that A.R.S. § 13-911 prohibits the carrying of concealed weapons. The definition contained therein obviously pertains to this offense alone, and was not intended to constitute a legislative enumeration of all those objects which could, under any circumstances, be considered "weapons." The most innocent of objects can become a deadly weapon by its use. Mazzotte v. Territory, 8 Ariz. 270, 71 P. 911. The testimony of each witness clearly established that the razor was used as a weapon; hence, it was not improper for that term to be used to describe it. Each of the witnesses, who so testified, had observed the affray. Even if the witnesses used the term "weapon" prematurely before testifying to their observations concerning the manner in which it was used, the appellant was not prejudiced thereby. The razor was admitted in evidence and was available for examination by the jurors.

■ Appellant complains of the giving of State's instructions Numbers 6 and 7, on the ground that they depend for their correctness upon the presence in the record of evidence that appellant was the aggressor. Appellant states that the record contains no such evidence, but we view it to the contrary. Witnesses testified that the fight was begun by appellant, who rushed at

88

Noe, wielding his razor. Later, Noe evidenced his desire to end the altercation by sitting down on a bar stool inside a tavern. Appellant then struck Noe on the head with the .32 Cal. revolver. The testimony clearly indicates that in both instances appellant was the aggressor.

■ Appellant's approach to this appeal contains a fundamental error which bears further comment. It is apparently appellant's understanding of the law that if it can be shown that the affray was by mutual consent, no charge for assault and battery would lie. This is erroneous. It is no defense to a criminal prosecution for assault and battery constituting breach of the peace that the defendant was engaged in mutual combat. Both participants are guilty of the offense and may be prosecuted criminally. Commonwealth v. Collberg, 119 Mass. 350, 20 Am.Rep. 328.

■ Appellant also assigns as error certain comments made by the trial court admonishing the jury to disregard statements made by appellant's attorney during his summation. Since these comments do not appear in the transcript, it is impossible for us to determine their effect. We hold that the question of their propriety is not before us.

Judgment affirmed.

PHELPS, C. J., and UDALL, JOHNSON and BERNSTEIN, JJ., concur.