510 P.2d 64

**The STATE of Arizona, Appellee,**

v.

**Ignacio Chavez FIMBRES, Appellant.**

**No. I CA–CR 560.**

Court of Appeals of Arizona,
Division 1,
Department A.
May 22, 1973.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County, by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

The defendant, Ignacio C. Fimbres, was convicted after a jury trial of obstructing a public officer in the performance of his duty in violation of ARS § 13–541.

On November 24, 1972 the trial court suspended the imposition of sentence for a period of three years. It is from this conviction and sentence that the defendant now appeals.

The defendant was represented by private counsel at his preliminary hearing and by the Maricopa County Public Defender at the jury trial and in this appeal. The Maricopa County Public Defender has advised this Court by motion to withdraw that, after a diligent search of the entire record in this case, he has been unable to discover any reversible error upon which an appeal could be based. He filed a brief with this Court and furnished the defendant with a copy in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After the filing of counsel's brief, this court entered an order granting defendant 30 days in which to file his own supplemental brief, raising any additional points he might choose to bring to this Court's attention. The defendant has filed no supplemental brief and the time period has now expired.

The only arguable issue raised by the Public Defender is whether the State proved beyond a reasonable doubt that the defendant, in his drunken condition, had the specific intent to obstruct the officer in the performance of his duties.

The facts in the case disclose that the defendant was arrested by the Phoenix City Police Department on August 18, 1971 on a charge of public intoxication. While attempting to take the defendant from his jail cell, an officer was attacked by the defendant who bit the officer on the chest. The wound inflicted by the bite was serious enough to require medical attention.

The essential elements of the crime of obstructing, as that crime is set forth in ARS § 13–541, were held in State v. Tinghitella, 108 Ariz. 1, 4, 491 P.2d 834, 837 (1972) to be:

". . . (1) the wilful resisting, delaying, corecing or obstructing, (2) of a public officer, (3) in the discharge of his duty."

See also State v. Ovens, 4 Ariz.App. 591, 422 P.2d 719 (1967).

The trial court gave complete and accurate jury instructions, including instructions dealing with the matter of specific intent and voluntary intoxication as follows:

"In the case of certain crimes it is necessary that a criminal act be accompanied by a specific or particular intent without which the crime is not committed; thus, in the crime of obstructing justice, a necessary fact [to] be proved is the existence in the mind of the defendant of a specific intent to, by means of any threat or violence, deter or prevent a public officer from performing any duty imposed upon the officer by law or to resist, delay or obstruct an officer in the discharge or attempt to discharge any duty of his office or knowingly resist by the use of force or violence the officer in the performance of his duty.

Unless such intent as I have just outlined so exists, then that crime is not committed.

No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular crime or degree of

crime, you may take into consideration the fact that the accused was intoxicated at the time in determining the purpose, motive or intent with which he committed the act."

See ARS § 13–132; State v. Contreras, 107 Ariz. 68, 481 P.2d 861 (1971); State v. Bridges, 12 Ariz.App. 153, 468 P.2d 604 (1970); State v. Saunders, 102 Ariz. 565, 435 P.2d 39 (1967).

The transcript clearly shows the jury, after proper instructions, had ample evidence to find the defendant guilty beyond a reasonable doubt of obstructing a public officer in the performance of his duty.

We have reviewed the entire record and we find no fundamental error. The basis of this appeal is frivolous.

The judgment and sentence thereon are affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.