549 P.2d 1046

STATE of Arizona, Appellee,

v.

Ronald Harmon REIM, Appellant.

No. I CA–CR 1269.

Court of Appeals of Arizona,
Division 1,
Department A.

May 20, 1976.

Rehearing Denied June 15, 1976.
Review Denied July 20, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel Crim. Div.,

R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

FROEB, Judge.

After a trial by jury, appellant was convicted of assault with a deadly weapon and obstructing justice. He was placed on probation for five years, with one condition of probation being that he serve six months in the county jail.

On appeal, he raises six issues:

1. whether there was sufficient evidence to establish appellant's intent to commit an assault with a deadly weapon;

2. whether the convictions of assault with a deadly weapon and obstructing justice violate the provisions of A.R.S. § 13–1641 prohibiting double punishment;

3. whether the trial court was required, sua sponte, to instruct the jury that specific intent was an element of the offense of obstructing justice;

4. whether the prosecutor's comment that he would not call a witness because she was ill amounted to prejudicial misconduct and violated appellant's sixth amendment right to confront and cross-examine witnesses;

5. whether there was sufficient evidence to show appellant's intent to obstruct justice;

6. whether the trial court was required to grant a mistrial because the county attorney submitted a photograph to the jury which was not admitted into evidence.

As to the first issue, a reviewing court will consider the evidence presented in the light most favorable to sustain the verdict below. *State v. Trotter*, 110 Ariz. 61, 514 P.2d 1249 (1973). Viewed in this light, the following are the pertinent facts.

On October 25, 1974, two uniformed Phoenix police officers, Farris and Leavell, stopped appellant's car in order to serve two traffic warrants upon appellant. The same police officers had arrested appellant two weeks earlier on two other traffic warrants. Upon stopping appellant, Farris went to the driver side of the car and Leavell went to the passenger side. Farris requested that appellant produce his driver's license. Appellant stated that he did not have one. Farris then asked appellant to shut off the engine. Appellant replied that he "couldn't." Farris requested that appellant step out of the car and opened the door six to eight inches.

While this questioning was taking place, Leavell began to walk around the front of the car in order to assist Farris. As Leavell was walking in front of the car, the car accelerated. By backpeddling and placing his hands on the hood, Leavell was able to avoid being run over by the car. However, his head and legs were bruised by the contact. The car accelerated for approximately 33 feet, leaving black rubber tire marks on the pavement.

When the car began to accelerate, Farris opened the door the rest of the way and jumped on top of appellant. Farris did not touch appellant until the car began to accelerate.

When Farris entered the car appellant resisted and a struggle ensued. Farris was able to put the car into its parking gear and use the brakes. Once the car was stopped, Leavell joined Farris and the two officers dragged appellant into the street as he continued to struggle and eventually subdued him.

■■ In order to sustain a conviction of assault with a deadly weapon in which the alleged weapon is an automobile, there must be evidence that the vehicle was "aimed" at the victim with the actual intent to use the automobile as a deadly weapon. *State v. Balderrama*, 97 Ariz. 134, 397 P.2d 632 (1964); *United States v. Haines*, 425 F.2d 218 (9th Cir. 1970). We

find there is sufficient evidence in the record to support appellant's conviction on this theory.

When appellant was stopped, he did not turn off his engine or put his car into its parking gear. Appellant's eyes were on Leavell as he walked toward the front of the car. There was no contact between Farris and appellant until the car began to accelerate. When Farris jumped into the automobile, appellant resisted him and the vehicle continued to accelerate. It was only through Farris's efforts that the vehicle was stopped. Although appellant testified that his foot "slipped" from the brake to the gas pedal when Farris touched him, other facts contradict this testimony.

A motive which would explain appellant's actions can be found in his arrest by the same police officers two weeks before, as well as his testimony that Farris told him to "shut up" and called him a "little punk" when his vehicle was stopped.

Appellant's second contention on appeal is that his convictions for both assault with a deadly weapon and obstruction of justice violate the Arizona statutory provisions against double punishment. A.R.S. § 13–1641 provides:

> An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

The assault with a deadly weapon statute, A.R.S. § 13–249(A), provides:

> A person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.

The obstructing a public officer statute, A.R.S. § 13–541(A), provides:

A person who attempts by means of any threat or violence to deter or prevent a public officer from performing any duty imposed upon the officer by law, or who wilfully resists, delays or obstructs a public officer in the discharge or attempt to discharge any duty of his office, or who knowingly resists by the use of force or violence the officer in the performance of his duty, . . . shall be punished by a fine not exceeding five thousand dollars and imprisonment in the state prison for not to exceed five years, or by imprisonment in the county jail for not to exceed one year.

The test to be applied in determining whether A.R.S. § 13–1641 is applicable is to "eliminate the elements in one charge and determine whether the facts left would support the other charge." *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971); *State v. Cassius*, 110 Ariz. 485, 520 P.2d 1109 (1974).

In this case, as has been shown, the assault with the deadly weapon charge was established by the evidence showing that appellant intentionally aimed and propelled his automobile at Officer Leavell. The evidence which supports the obstructing charge is found by appellant's conduct subsequent to the aiming of the automobile.

When appellant began to accelerate, Officer Farris leaped into the car and attempted to subdue him. Appellant not only resisted this effort by Farris, but subsequent to the automobile being stopped, he continued to resist and it was necessary to forcibly remove him from his automobile. These acts took place after the assault by the use of the vehicle, and, therefore, there is sufficient evidence to support the verdict of guilty of obstructing justice independent of the evidence of the assault.

*State v. Salazar*, 24 Ariz.App. 472, 539 P.2d 946 (1975) is analogous to this case. In *Salazar*, the defendant struck two police officers. He was acquitted of an assault charge of striking one, but was subsequently convicted of striking the second officer. The court held that the prosecution for the subsequent offense was not barred by A.R.S. § 13–1641. The court stated:

Contrary to the characterization by the defendant that his assault upon Officers Starr and Hugill constituted "one course of conduct" it is clear that "the time span in which the number of acts may have been committed is not material so long as there is proof that each act was composed of the necessary criminal elements." *State v. Tinghitella*, supra, 108 Ariz. at 3–4, 491 P.2d at 836–837. [539 P.2d at 949]

The court in *Salazar* concluded:

Here the striking of Officer Hugill occurred before Officer Starr ever entered the cell and was struck. There were two separate blows emanating from the defendant against two separate individuals. By eliminating the striking of Officer Starr, there is still left the fact that Officer Hugill was separately assaulted and battered. Thus the application of the identical elements test does not result in a finding of double jeopardy in this case. [539 P.2d at 949]

Likewise, in this case, appellant's resistance to Officer Farris occurred subsequent to his assault on Officer Leavell. Accordingly, the double punishment provision does not apply.

For appellant's third ground on appeal, he claims that the trial court erred by failing to give, sua sponte, a specific intent instruction on the obstruction charge. It has been held that obstructing justice is a specific intent crime. *State v. Jamison*, 110 Ariz. 245, 517 P.2d 1241 (1974); *State v. Fimbres*, 20 Ariz.App. 65, 510 P.2d 64 (1973). If a specific intent instruction had been requested, it would have been appropriate for the court to give the instruction. However, appellant did not request such an instruction nor did he object to the instructions given. Rule 21.3(c.),

Arizona Rules of Criminal Procedure, provides:

> *Waiver of Error.* No party may assign as error on appeal the court's giving or failing to give any instruction or portion thereof . . . unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

■■ An error in failing to give an instruction can be raised for the first time on appeal only where the prejudice caused thereby is of a fundamental nature which goes to the foundation of the defendant's case or which takes from the defendant a right essential to his defense. *State v. Wheeler,* 108 Ariz. 338, 498 P.2d 205 (1972). Appellant offered no evidence or argument at trial that he did not intend to obstruct the police officers. In fact, appellant admitted that he knew that the police officers had a warrant for his arrest. Further, in response to his own attorney's questions, appellant implicitly admitted that he obstructed the police officers after they hit him.[1] Appellant's defense to the charge was not that he lacked the requisite intent in resisting the officer, but that his resistance was justified by the unreasonable force used by the officers. Appellant requested and received the following instruction pertaining to this issue:

> No unnecessary or unreasonable force shall be used in making an arrest and the person arrested shall not be subjected to any greater restraint than necessary for his detention. Excessive force used by an officer making an arrest may be countered lawfully.

Where the specific intent of a defendant is not an issue in the case, there is no resulting prejudice to appellant which requires the court to review the instruction issue when it was not presented to the trial court. *State v. Finley,* 108 Ariz. 420, 501 P.2d 4 (1972). We do not think it was

fundamental error in this case for the court to fail to give a specific intent instruction on its own motion.

Appellant's fourth contention is that the prosecutor's comment about an absent witness was prejudicial and a violation of the constitutional right to confront witnesses. At the conclusion of the prosecution case, the following colloquy occurred between the prosecutor and the trial court:

> THE PROSECUTOR: Your Honor, at this time the state would rest.

> THE COURT: You don't plan to call an additional witness?

> THE PROSECUTOR: No. She is sick.

Appellant's attorney did not immediately object to this comment by the prosecutor, but waited until he had completed his direct examination of appellant before requesting a mistrial. The court asked appellant's attorney if he desired an admonition to the jury to disregard the comment or any type of instruction in order to correct the error. Appellant's attorney stated that he did not want an admonition or any cautionary instruction because this would draw the jury's attention to the comment.

In *State v. Gonzales,* 105 Ariz. 434, 466 P.2d 388 (1970) our Supreme Court, quoting from *Sullivan v. State,* 47 Ariz. 224, 55 P.2d 312 (1936), stated:

> The best rule for determining whether remarks made by counsel in criminal cases are so objectionable as to cause a reversal of the case is, Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by those remarks. [105 Ariz. at 437, 466 P.2d at 391]

■■ While we agree that the remark of the prosecutor was not proper when made within the hearing of the jurors, we cannot say that it either influenced or

---

1. On direct examination, appellant's attorney asked him "Did you obstruct the officers in their duties to arrest you?" Appellant responded "Not until they hit me first."

prejudiced their consideration of the case. The granting of a mistrial is within the sound discretion of the trial court. *State v. Trotter,* supra; *State v. Scott,* 24 Ariz. App. 203, 537 P.2d 40 (1975). We will not interfere with the exercise of the trial court's discretion unless the offending remarks are palpably improper and clearly injurious. See *State v. Adams,* 1 Ariz. App. 153, 400 P.2d 360 (1965).

Appellant also contends that the prosecutor's comment abridged his Arizona and United States constitutional right to confront witnesses. See United States Constitution, sixth amendment; Constitution of Arizona, article II, § 24. However, the prosecutor did not indicate in any way what the witness's testimony would be or even mention the witness's name. In *State v. Mace,* 86 Ariz. 85, 340 P.2d 994 (1959), the information charged that the defendant assaulted one Gordon Noe with a deadly weapon. However, the trial proceeded in the absence of Noe, the complaining witness, and the trial court refused to allow the defendant's motion for continuance to secure Noe's presence. The defendant complained that this constituted a violation of his constitutional right to confront witnesses. The court held that it did not and stated:

> The right of the accused in a criminal prosecution "to meet the witnesses against him face to face" is the right to face those persons whose testimony is offered at trial. (Citations omitted.) Since Gordon Noe did not appear nor testify at the trial, appellant's rights under the cited article of the constitution were not infringed. [86 Ariz. at 86, 340 P.2d at 995]

In this case, there was no suggestion as to the nature of the witness's testimony and the witness did not testify at trial.

For the foregoing reasons, we do not find any constitutional error.

■ Appellant's fifth contention is that there was insufficient evidence to support the obstructing justice charge. Appellant contends that the officers used excessive force in order to subdue the appellant. However, Farris testified that he did not touch appellant until appellant began to accelerate the automobile. When Farris entered the automobile, his sole intention was to stop it. However, appellant began to resist. Farris testified that when he entered the vehicle, his only thought was "to go for the gearshift and the brake." After the car stopped, Farris got out of the car for a few seconds in order to help Leavell. When Leavell and Farris returned to the car, appellant was "still kicking and swinging and everything." It was necessary to drag appellant out of the car and he continued to fight once he was outside of the car. In light of the emergency situation created by appellant accelerating the automobile and appellant's resistance, the jury could conclude that the police officer's actions did not constitute excessive force. The evidence was sufficient to support the conviction.

■ Appellant's final contention is that the court should have granted appellant's motion for a mistrial when the county attorney submitted a photograph to the jury which was not admitted into evidence. Once again we agree that it was improper for the prosecutor to submit this photograph to the jury. However, the trial court ruled that the photograph was not prejudicial and therefore a mistrial was not required. As soon as the error was discovered and prior to the jury withdrawing for deliberation, the photograph was withdrawn from the jury. The photograph shows a picture of Officer Leavell standing in front of appellant's automobile. Six other photographs were admitted into evidence and include close-ups of Leavell's face and trousers showing the injuries and distance photographs of appellant's automobile from the rear. One of the photographs admitted into evidence also shows a close-up of Leavell from the waist down standing next to appellant's car. Because

the other photographs cover substantially the same subject matter and are, in comparison, more damaging to appellant's case, we do not think that it is reversible error for the prosecutor to have shown exhibit No. 2 to the jury.

Judgment and sentence affirmed.

DONOFRIO, P. J., and OGG, J., concur.