551 P.2d 548

**STATE of Arizona, Appellee,**

v.

**Harold Abel BELL, Appellant.**

No. 3477.

Supreme Court of Arizona,
En Banc.

June 21, 1976.

Rehearing Denied Sept. 9, 1976.

See 113 Ariz., 553 P.2d 1200.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Benjamin Lazarow, Tucson, for appellant.

HAYS, Justice.

Harold Abel Bell was convicted of assault with a deadly weapon in violation of ARS § 13–249, and obstruction of justice while armed with a deadly weapon in violation of ARS § 13–541(A). He was sentenced to a term of not less than 13 nor more than 16 years for the first conviction, and not less than 5 nor more than 10 years on the second, both sentences to run concurrently. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

On March 25, 1975, officers of the Department of Public Safety observed appellant's vehicle weaving across the center line on State Route 95. The officers stopped appellant's vehicle and one officer approached the driver's side and requested appellant's license and registration. Appellant produced a driver's license and opened the glove compartment to produce rental papers. The officer observed what appeared to be a large sum of money in the glove compartment when it was opened by appellant. Appellant was asked to move to the rear of the vehicle which he did. At that point in time the second officer, standing on the passenger side of the vehicle, drew his weapon on the passenger. Appellant then attempted to re-enter the vehicle on the driver's side. The first officer grabbed appellant and both fell forward into the front seat of the vehicle. During the ensuing scuffle appellant produced three weapons from beneath the front seat. He was disarmed on each occasion after violent resistance and was eventually subdued and arrested.

Appellant raises four issues on appeal.

1.  Did the trial court err in denying appellant's motion to suppress?

2.  Was it error for the trial court to convict appellant of the crime of obstruction of justice while armed with a gun since the state failed to prove specific intent?

3.  Was the conviction for obstruction of justice error since appellant was resisting an unlawful arrest?

4.  Was the sentence imposed an abuse of discretion and cruel and unusual punishment?

Appellant's first issue on appeal concerns the seizure of evidence in his vehicle. He argues that the arrest was illegal and thus was an insufficient predicate upon which to base the subsequent search. The officers stopped appellant's vehicle after they observed it crossing the center line. By reason of defendant's erratic

driving, this stop was a proper exercise of the state's police power. *State v. Harrison*, 111 Ariz. 508, 533 P.2d 1143 (1975). It was also proper for the purpose of determining whether appellant was under the influence of intoxicating liquor or of drugs. ARS § 13–1403(2).

Once the officer stopped the vehicle, he requested appellant's license and registration. It was at this time he noticed the apparent large sum of money in the glove compartment and asked appellant to step to the rear of the vehicle. Appellant's subsequent reaction to the second officer's actions, coupled with the production by appellant of three weapons from beneath the front seat, provided sufficient "probable cause to believe a crime had been committed and . . . to search" the car further. *State v. Brierly*, 109 Ariz. 310, 509 P.2d 203 (1973).

Appellant next argues that the state failed to prove specific intent with respect to the commission by appellant of the crime of obstruction of justice while armed with a deadly weapon. He also submits that a "deadly weapon" was not employed since the weapon was holstered and thus inoperable.

"There are two types of intent in criminal law, general and specific. In crimes of general intent, the party is presumed to have the requisite criminal intent from the commission of the crime itself. Specific intent, however, is an additional mental element to certain crimes . . . ." *State v. Jamison*, 110 Ariz. 245, 517 P.2d 1241 (1974). The crime of obstruction of justice while armed with a deadly weapon is a general intent crime. The state may prove general intent by proof of the commission of the crime, together with proof, by circumstantial evidence if necessary, of appellant's knowledge that the person whom he is resisting is a public officer.

The word "wilfully" in ARS § 13–541 does not add a specific intent element. " 'Wilfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or injure another or to acquire any advantage." ARS § 1–215(36).

The state proved that appellant attempted to prevent an officer who was clearly in uniform from performing his lawful duty. The state further proved that appellant attempted to commit this act with a gun. Appellant presented two defenses. The first, that he was under the influence of a narcotic at the time of the incident cannot be used to negate general intent. ARS § 13–132. The second, that the weapon was holstered, is also of no merit. The appellant used at least three weapons in his attempt to prevent the officers from performing their duty. All three weapons were loaded "and a loaded gun is a deadly weapon." *State v. Seebold*, 111 Ariz. 423, 531 P.2d 1130 (1975). There is sufficient evidence to sustain appellant's conviction.

Appellant next argues that his conviction for obstruction of justice should be reversed since he was resisting an unlawful arrest. Appellant's actions after being asked to step to the rear of the vehicle clearly justified the officers' attempt to subdue him. The arrest for obstruction of justice was valid. We can not accept appellant's argument that he was lawfully resisting the arrest, since the arrest, as we have indicated above, was lawful.

Appellant finally argues that the sentence imposed was an abuse of discretion and cruel and unusual punishment. "[W]e have repeatedly held that the trial judge has the best opportunity to study the defendant, and his discretion will not be disturbed, save in unusual circumstances, as long as it is within statutory limits." *State v. Rogers*, 109 Ariz. 55, 505 P.2d 226 (1973). We find no abuse of discretion with respect to the sentences imposed.

Judgments and sentences affirmed.

CAMERON, C. J., STRUCKMEYER, Jr., V. C. J., and HOLOHAN and GORDON, Jr., JJ., concurring.