578 P.2d 189

The STATE of Arizona, Appellee,

v.

Terry Max MIKELS, Appellant.

No. 2 CA–CR 1089.

Court of Appeals of Arizona,
Division 2.

Nov. 23, 1977.

Rehearing Denied Dec. 14, 1977.

Review Granted Jan. 10, 1978.

Bruce E. Babbitt, Atty. Gen., Phoenix, by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John D. Kaufmann, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty by a jury of obstructing justice in violation of A.R.S. § 13–541(A), as amended. He was placed on probation for a period of five years and required to serve one year in the Pima County Jail as a condition of probation. Two points are raised in his appeal, neither of which merits reversal.

The case arose when appellant and one Dave Jacobson exited a car driven by Frank Morales and containing a fourth individual and pulled into a desert area near a 7–11 convenience market in Tucson. Appellant and Jacobson picked up some beer and began to flee the store without making payment. They ran to the car, apparently believing that no one was chasing them. However, a Sheriff's deputy, on patrol in the area, noticed the commotion, exited his vehicle and chased the suspects. The deputy testified that appellant entered the vehicle last, that he jumped onto the running board and tried to enter the moving vehicle or pull appellant from it. A struggle ensued between appellant and the deputy. The deputy eventually sprayed the chemical Mace into the vehicle and the driver stopped the car. All four occupants were removed from the vehicle. Appellant broke free from this detention and ran to a residential area where he hid behind a car. Later that day while riding as a passenger in a vehicle, he was spotted by the deputy and subsequently arrested.

Appellant's contentions are that (1) the trial court erred in not instructing the jury that there is a specific intent required for obstructing justice, and (2) a self-defense instruction should have been given.

While appellant is able to cite some dicta in a few Arizona cases on the specific intent involved in this and similar statutes, we think the case of State v. Bell, 113 Ariz. 279, 551 P.2d 548 (1976), supplemented in 113 Ariz. 326, 553 P.2d 1200 (1976), is dispositive of the issue. In Bell, our Supreme

Court said that the crime of obstructing justice is a general intent crime. Therefore there was no error in refusing to instruct as to specific intent.

The trial court also did not err in refusing to give a self-defense instruction. Appellant maintained at trial that when he broke away from the deputy, he did so because he thought he was in danger of suffocating due to his asthma condition and the aggravation caused by the Mace spray. However, the theory of self-defense applies only to cases where the defendant is charged with an assault or battery or is charged with homicide.[1]

We have reviewed the entire record and have found no fundamental error.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.

---

1.  See also LaFave & Scott, Criminal Law, § 53, p. 391.