578 P.2d 174

**The STATE of Arizona, Appellee,**

v.

**Terry Max MIKELS, Appellant.**

**No. 4102–PR.**

Supreme Court of Arizona,
In Banc.

April 11, 1978.

Rehearing Denied May 9, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen., Phoenix by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John D. Kaufmann, Tucson, for appellant.

CAMERON, Chief Justice.

We granted the defendant's petition for review of a decision of the Court of Appeals affirming the defendant's conviction and sentence for obstructing justice in violation of A.R.S. § 13–541(A).

We take jurisdiction pursuant to Rule 31.19, Rules of Criminal Procedure, 17 A.R.S.

Two issues are presented for determination:

1. Is obstructing justice a crime of specific intent?
2. Is self-defense a legitimate defense to the charge of obstructing justice?

Taking the evidence in a light most favorable to the State and resolving all conflicts in the evidence in favor of upholding the jury's verdict, *State v. Perez,* 94 Ariz. 290, 383 P.2d 745 (1963); *State v. Hardin,* 99 Ariz. 56, 406 P.2d 406 (1965), the facts necessary for a determination of these issues are as follows. On the evening of 21 November 1975, an automobile carrying the defendant and three other young men pulled into an unpaved desert area near a 7–11 convenience market in Tucson. The defendant and one Dave Jacobson exited the automobile and went into the store where they picked up some beer and left without making payment. The store attendant attempted unsuccessfully to block their exit. However, Deputy Henry Lee Spomer, on patrol in the area, noticed the commotion and pulled into the store's parking lot as the defendant and Jacobson were leaving the store. Spomer stepped out of the patrol car and ran to the suspects' car just after the defendant entered it. Before the door could be closed, Deputy Spomer grabbed the defendant's shoulder and at-

tempted to pull the defendant from the car. At this point the car began to move and Deputy Spomer stepped onto the running board while maintaining his grip on the defendant. A struggle ensued between the defendant and the deputy in which the defendant attempted to release the deputy's hold on him and push him from the car. During this struggle, the deputy was able with his free hand to spray chemical mace into the vehicle causing the driver to stop the car. All four occupants were removed from the car by Deputy Spomer and by another officer who by this time had arrived on the scene. The defendant responded to Deputy Spomer's arrest procedure by exerting forceful resistance and uttering profanities. As Deputy Spomer prepared to handcuff him, the defendant broke free from his detention and ran across a desert field to a residential area where he hid behind a car. While riding as a passenger in another vehicle later that evening, the defendant was spotted by Deputy Spomer and arrested. He was subsequently charged with obstructing justice in violation of A.R.S. § 13–541(A).

At trial, the defendant's attorney requested the court to instruct the jury that specific intent is required for the crime of obstructing justice. He also requested several instructions dealing with self-defense. The defendant's contention was that his flight from the deputy at the scene of the attempted arrest was prompted solely by his sensation of suffocation caused by the mace spray and his asthma condition and that his only intent was to relieve the effects of this attack. The defendant's requested jury instructions were refused and the jury returned a verdict of guilty. The defendant was placed on probation for a period of five years and required to serve one year in the Pima County Jail as a condition of probation.

### OBSTRUCTING JUSTICE

■ Under A.R.S. § 13–541(A) a person is guilty of obstructing justice if he

"* * * wilfully resists, delays or obstructs a public officer in the discharge or attempt to discharge any duty of his office * * *."

In contending that specific intent is a necessary element of this crime, the defendant relies on *State v. Fimbres,* 20 Ariz.App. 65, 510 P.2d 64 (1973) and *State v. Jamison,* 110 Ariz. 245, 517 P.2d 1241 (1974). In *Fimbres,* the Court of Appeals affirmed a defendant's obstruction of justice conviction but in the process endorsed as "accurate" the trial court's jury instruction on specific intent. The instruction refused by the trial court in the instant case is identical to the instruction given and approved in *Fimbres.*

*State v. Jamison,* supra, involved the crime of aggravated assault of a police officer. The appellant there had argued that that crime required a showing of specific intent and relied on *Fimbres* as analogous authority. In comparing obstruction of justice with aggravated assault of a police officer, the court stated:

"There are two types of intent in criminal law, general and specific. In crimes of general intent, the party is presumed to have the requisite criminal intent from the commission of the crime itself. Specific intent, however, is an additional mental element to certain crimes, and criminal statutes that use the words 'wilfully' or 'intentionally' will usually require a specified intent as, for example, assault with intent to commit murder which requires a specific intent on the part of the defendant to commit a murder, in addition to a general intent to commit an assault.

\* \* \* \* \* \*

"Defendant places strong reliance upon a recent Court of Appeals case, *State v. Fimbres,* 20 Ariz.App. 65, 510 P.2d 64 (1973), in which our Court of Appeals approved the finding by the trial court that the crime of obstructing a police officer in the performance of his duties required a specific intent. The statute construed in *Fimbres,* supra, reads in part as follows:

'A. A person who * * * *wilfully* resists, delays or obstructs a public officer in the discharge or attempt to dis-

charge any duty of his office, or who knowingly resists by the use of force or violence the officer in the performance of his duty * * * .' § 13–541 A.R.S. (Emphasis added)

"The Court of Appeals was correct in finding that the State had the burden of showing a specific intent on the part of the defendant because, unlike the statute in the instant case, the statute in *Fimbres,* supra, requires the specific intent to wilfully resist, delay or obstruct a public officer. *Fimbres,* supra, is distinguishable from the instant case." *State v. Jamison,* 110 Ariz. at 248–49, 517 P.2d at 1244–45.

In *State v. Reim,* 26 Ariz.App. 528, 549 P.2d 1046 (1976), it was contended that the trial court erred in failing to give sua sponte a specific intent instruction on obstruction of justice. The Court of Appeals stated:

" * * * It has been held that obstructing justice is a specific intent crime. *State v. Jamison,* 110 Ariz. 245, 517 P.2d 1241 (1974); *State v. Fimbres,* 20 Ariz. App. 65, 510 P.2d 64 (1973)." 26 Ariz. App. at 531, 549 P.2d at 1049.

The court then stated that if the specific intent instruction had been requested, it would have been appropriate for the court to give it.

In *State v. Bell,* 113 Ariz. 279, 551 P.2d 548, supplemented 113 Ariz. 326, 553 P.2d 1200 (1976), the question of whether obstructing justice is a specific intent crime was squarely presented to this court. We held that it was not. We unequivocally stated:

" * * * The crime of obstruction of justice while armed with a deadly weapon is a general intent crime. The state may prove general intent by proof of the commission of the crime, together with proof, by circumstantial evidence if necessary, of appellant's knowledge that the person whom he is resisting is a public officer." 113 Ariz. at 281, 551 P.2d at 550.

We then pointed out that "[t]he word 'wilfully' in ARS § 13–541 does not add a specific intent element." Id. We sup-

ported this statement with a quotation from the definition of "wilfully" found in the general definition section of Arizona Revised Statutes, wherein is stated:

"In the statutes and laws of the state, unless the context otherwise requires:

\* \* \* \* \* \*

"36. 'Wilfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or injure another or to acquire any advantage." A.R.S. § 1–215(36).

The defendant contends, however, that because the defendant in *Bell,* supra, was convicted of obstructing justice while armed with a deadly weapon, our holding in that case was or should be limited to situations where the person obstructing justice does so with the aid of a deadly weapon. The defendant's contention is that *Bell,* supra, does not stand for the proposition that obstructing justice is a general intent crime, but merely that when a deadly weapon is used, the requisite specific intent may be presumed from such use of a deadly weapon. We do not agree. Bell held that obstruction of justice is a general intent crime. Anything to the contrary in *State v. Jamison,* supra, *State v. Fimbres,* supra and *State v. Reim,* supra, is hereby expressly overruled.

## IS SELF–DEFENSE APPLICABLE?

The defendant offered five jury instructions dealing with self-defense pursuant to his contention that he fled from the scene of the attempted arrest solely to "defend" himself from suffocation. The trial court did not give any of these instructions.

■ Self-defense is statutorily recognized as a defense for the crimes of assault and battery, A.R.S. § 13–246(A)(6), and homicide, A.R.S. § 13–462(3), and we have held that a self-defense instruction must be given where there is the slightest evidence that it is warranted. *State v. Johnson,* 108 Ariz. 42, 492 P.2d 703 (1972).

We do not believe, however, that the evidence in the instant case supports such an instruction. The defendant not only fled the scene but hid behind an automobile and was not apprehended until later in the evening when he was seen riding in another car. Although the defendant's alleged reaction to the mace might be considered by the trier of fact in determining whether defendant did in fact resist arrest, it will not support an instruction on self-defense. We find no error.

The opinion of the Court of Appeals, 118 Ariz. 510, 578 P.2d 189 (App.1977) is vacated and the decision of the trial court is affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.