626 P.2d 1100

STATE of Arizona, Appellee,

v.

Rosie CARRILLO, Appellant.

No. 1 CA–CR 4418.

Court of Appeals of Arizona,
Division 1,
Department C.

Sept. 23, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Brooks & Aubuchon by Charles R. Brooks, Phoenix, for appellant.

## OPINION

CONTRERAS, Judge.

Appellant Rosie Carrillo was found guilty, after a jury trial, of aggravated assault, a dangerous class three felony, in violation of A.R.S. §§ 13–1204(A)(2) and (B), –1203(A)(1), –701, –702, –801, –604(K). Several mitigating circumstances were found and the court imposed the minimum sentence of five years' imprisonment.

On appeal, appellant argues that the trial court erred in failing to grant appellant's motion for judgment of acquittal, that the trial court erred in failing to give appellant's requested instruction No. 2 dealing with the use of an automobile as a deadly weapon and that her motion for mistrial

should have been granted based on prejudicial prosecutorial misconduct relative to certain comments by the prosecutor during closing arguments.

Reviewing the evidence in a light most favorable to sustaining the jury's verdict, *State v. Dickey*, 125 Ariz. 163, 608 P.2d 302 (1980), the record reflects that on March 9, 1979, appellant was driving home when she saw her husband with the victim, a woman with whom she suspected her husband of having an affair. Appellant drove into the area of a service station where the victim's car was parked with the victim seated in it. Appellant then drove her car into the front portion of the victim's vehicle. The victim got out of her car and as she was walking toward appellant's car, appellant backed her car up, put it in forward and began driving toward the victim. Although the victim started running toward an open field, she was struck by appellant's car. The initial impact caused the victim to fall onto the front portion of appellant's car. Appellant then stopped her car and the victim then fell backward off the car and onto the ground. The victim got up and again started running, whereupon the appellant again chased her with the car and hit her a second time from the back. The victim was hurled through the air and fell to the ground. At that point, the victim was unable to get up. When she heard appellant's car returning, she tried to crawl away but was unable to do so. Appellant's car then ran over the victim and dragged her for a short distance before appellant stopped the car, got out and told the victim that she hoped she would die. As a result of this incident, the victim sustained serious injuries including broken ribs, a broken back, and a cracked breastbone.

Relying on *State v. Reim,* 26 Ariz.App. 528, 549 P.2d 1046 (1976), *overruled on other grounds, State v. Mikels*, 118 Ariz. 495, 578 P.2d 174 (1978) and *State v. Balderrama*, 97 Ariz. 134, 397 P.2d 632 (1964), appellant argues that the issue of guilt should not have been submitted to the jury and that judgment of acquittal should have been granted because there was insufficient evidence to show that there was an aggravated assault by the use of a deadly weapon because there was no showing that the automobile had been "aimed" at the victim with the intent to use the automobile as a deadly weapon.

██ A judgment of acquittal is proper only where there is no substantial evidence to warrant a conviction. *State v. Puryear*, 121 Ariz. 359, 590 P.2d 475 (App.1979); *State v. Ortiz*, 115 Ariz. 43, 563 P.2d 298 (App.1977). In addition, the credibility of witnesses is to be determined by the trier of fact. *State v. Money*, 110 Ariz. 18, 514 P.2d 1014 (1973). Here, although appellant testified that she did not intend to hit the victim but was only chasing her to talk with her, the jury was free to disbelieve this testimony and infer from the evidence outlined above that appellant chased the victim with the specific intention of hitting her with the automobile. In view of the evidence presented and even assuming that *State v. Reim* is still the law, appellant's argument is wholly without merit. The trial court did not err in denying a judgment of acquittal.

██ Next, appellant argues that the trial court erred in failing to give her requested instruction No. 2. The instruction stated:

In order to find the Defendant guilty of assault using a deadly weapon in which the alleged weapon is an automobile, the state must present evidence beyond a reasonable doubt that the vehicle was "aimed" at the victim and that the Defendant actually intended to use the automobile as a deadly weapon and unless you are convinced beyond a reasonable doubt that the Defendant aimed the automobile at the victim and actually intended to use the automobile as a deadly weapon, then you must find the Defendant not guilty.

This instruction was based on *State v. Reim* and *State v. Balderrama*, which were cases involving Arizona's former assault with a deadly weapon statute (A.R.S. § 13–249). The trial court ruled that the instruction was adequately covered in other instructions and that the cases cited were not applicable to the present criminal code. We agree with the trial court.

Appellant was charged with aggravated assault in violation of A.R.S. §§ 13–1203(A)(1) and –1204(A)(2). Using the language of the statutes, the court properly instructed the jury that:

A person commits assault if such person, acting intentionally, knowingly, or recklessly, causes any physical injury to another person.

A person commits aggravated assault if such person commits assault as previously defined in these instructions and if such person uses a deadly weapon or a dangerous instrument.

Dangerous instrument means anything that under the circumstances in which it is used, attempted to be used, or threatened to be used is readily capable of causing death or serious physical injury.

The last paragraph, defining dangerous instrument, is taken directly from A.R.S. § 13–105(7). A special interrogatory was given to the jury asking whether they found that the crime involved the use of a dangerous instrument to which they responded "yes". Thus, we believe the jury was adequately instructed on the definition of aggravated assault and dangerous instrument as charged in the information.

In addition, because *State v. Reim* and *State v. Balderrama* involve Arizona's former assault with a deadly weapon statute which was a specific intent crime, they are inapplicable here. Assault under A.R.S. § 13–1203 includes "knowingly, or recklessly" causing physical injury to another person and therefore does not require the specific intent to use the automobile as a deadly weapon or instrument as in *Reim* and *Balderrama*. The trial court correctly refused to give appellant's requested instruction.

Finally, during closing arguments, the prosecutor for the state made comments regarding appellant trying to "kill" the victim. Appellant argues that this was prejudicial prosecutorial misconduct, and that because of such misconduct, the trial court erred in denying appellant's motion for mistrial. As noted by appellee, counsel may comment on the evidence presented and any reasonable inferences therefrom during closing argument. *State v. Marvin*, 124 Ariz. 555, 606 P.2d 406 (1980); *State v. Jaramillo*, 110 Ariz. 481, 520 P.2d 1105 (1974). Here, the evidence presented showed that appellant admitted that she stated to the victim that she hoped she would die. In addition, the victim testified that when she was trying to crawl away from appellant's approaching car, the appellant shouted "I'm going to kill you!" The prosecutor's comments were well within the evidence presented. The trial court did not err in denying appellant's motion for a mistrial.

For the reasons stated, the judgment and sentence are affirmed.

OGG, P. J., and JACOBSON, J., concur.