**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lincoln PARKER, Jr.,
Defendant-Appellant.**

**No. 76–2166
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 31, 1977.

Rehearing and Rehearing En Banc
Denied May 6, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Robert R. Bryan, Birmingham, Ala., for defendant-appellant.

John Clark, U.S. Atty., LeRoy Morgan Jahn, Wayne F. Speck, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

JAMES C. HILL, Circuit Judge.

After trial by jury in the Western District of Texas, appellant Lincoln Parker was convicted of violating 18 U.S.C.A. § 371, 18 U.S.C.A. § 2421, and 18 U.S.C.A. § 2422. In his direct appeal he asserts numerous grounds of claimed error. We find no merit in his contentions and affirm.

During the trial, appellant produced the testimony of one Mamon Canty who presented himself as an old and close friend. Canty testified that he had known Parker since 1966 and had lived with Parker and his family from 1968 until 1973. In rebuttal, the prosecution called an agent of the F.B.I. who testified that, in 1969, he was investigating a gambling operation, not connected with these charges. Nevertheless, in that 1969 matter, the agent had had occasion to interview appellant who then denied that he knew Canty at all.

Appellant contends that the admission of this statement of his made to the agent in 1969 constituted an improper comment upon appellant's failure to testify. Further, he asserts that his 1969 statement was improperly admitted as a prior inconsistent statement without a proper foundation having been laid in violation of Rule 613(b), Federal Rules of Evidence.

Such a statement was not the prior inconsistent statement of a witness who, not having testified, had made no statements in this case, consistent or inconsistent. It was, rather, a statement made by the appellant constituting an admission. As such, it was admissible. Proof that a defendant has made an admission contrary to his interests in the trial cannot be said to be a comment upon his failure to testify.

Appellant next alleges prejudicial error in the admission of evidence containing explicit sexual testimony regarding his relationship to the women who testified for

the Government that they worked for him as prostitutes. Mindful that this was a prosecution under the Mann Act, we find the testimony relevant as tending to show the dependent relationship between the women involved and Parker. *United States v. Willis,* 482 F.2d 1034 (8th Cir. 1973). There was no error. Defense counsel did not object to this testimony at trial.

■ On cross-examination of Mamon Canty, the prosecutor asked this defense witness whether the appellant's nickname, P.K., stood for "pimp king." While the appellant's objection was sustained, the question was theretofore answered, favorably to the appellant, by Canty. Defense counsel made no motion to strike Canty's response and did not request a cautionary instruction. Obviously, defense counsel chose to stand on the favorable response of Canty.

During closing argument, the prosecutor referred to appellant as "P.K." and "pimp king." No objections were made. The prosecutor did not argue that "P.K." stood for "pimp king" but that the evidence showed Parker was a "pimp king." Certainly these comments did not constitute plain error. *See Patterson v. United States,* 361 F.2d 632 (8th Cir. 1966).

■ After the verdict was received, defense counsel made a motion for a new trial alleging improprieties during the jury deliberations. An affidavit was submitted alleging that the affiant had observed what she said indicated that United States marshals and a law clerk had made improper contact with the jurors. The district judge convened all who might have information and conducted a hearing on the issue thus raised. At the hearing, defense counsel failed to present any evidence supporting the allegation and, indeed, refused even to call the affiant who had purportedly witnessed the alleged misconduct. The record disclosed that the trial judge correctly acted upon appellant's unsupported challenge to the sanctity of the jury.

The trial judge in his effort to determine if misconduct had, in fact, occurred, interrogated the United States marshals and his law clerk. This testimony, in conjunction with the testimony of the jury foreman, conducted *in camera,* but recorded for our record, conclusively demonstrated the absence of impropriety. There was no error in the refusal of the trial judge to recuse himself, it not being suggested that he witnessed any facts alleged to have constituted the impropriety.

■ The refusal to allow defense counsel to examine the jurors was not error. When a new trial is sought on grounds of jury misconduct, the court has discretion with respect to the extent and type of investigation to be conducted. *Tillman v. U. S.,* 406 F.2d 930 (5th Cir. 1969), *vacated in part on other grounds,* 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742; *U S. v. Khoury,* 539 F.2d 441 (5th Cir. 1976); *U. S. v. Doe,* 513 F.2d 709 (1st Cir. 1975). That discretion was not abused by an investigation in which only the judge interrogated those concerned. The evidence elicited by him brought out that the allegations of the appellant's motion were wholly without merit. There was no need for further investigation.

Appellant objects to the fact that the defense attorney was not present at the *in camera* examination of the jury foreman, law clerk and marshal. While the better practice would have been to have the attorneys present, appellant can show no harm or prejudice arising from the court's actions. At most, the exclusion of counsel from the *in camera* investigation is harmless error. *U. S. v. Berger,* 433 F.2d 680 (2d Cir. 1970); *cert. denied,* 401 U.S. 962, 91 S.Ct. 970, 28 L.Ed.2d 246 (1971); *U. S. v. Larkin,* 417 F.2d 617 (1st Cir. 1969), *cert. denied,* 397 U.S. 1027, 90 S.Ct. 1271, 25 L.Ed.2d 536 (1970); *Bacino v. U. S.,* 316 F.2d 11 (10th Cir.), *cert. denied,* 375 U.S. 831, 84 S.Ct. 76, 11 L.Ed.2d 62 (1963); Fed. R.Crim.P. 52(a).

AFFIRMED.