STATE of Maine

v.

Kenneth JONES.

Supreme Judicial Court of Maine.

July 11, 1979.

**150**

Henry N. Berry, III, Dist. Atty., Robert Mullen (orally), Law Student, Peter G. Ballou, Deputy Dist. Atty., Portland, for plaintiff.

Gore & Stilphen by William F. Gore, Portland (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Appellant Kenneth Jones was indicted for reckless conduct with the use of a dangerous weapon (17–A M.R.S.A. §§ 211, 1252(4) (Supp.1978)).[1] Convicted after a jury trial in the Superior Court, Cumberland County, he now appeals, challenging the sufficiency of the evidence, the admission of his prior out-of-court statements as substantive evidence, the prosecution's decision to charge reckless conduct under the Criminal Code rather than reckless driving under title 29, and the imposition of the penalty-enhancement factor pursuant to Section 1252(4). We deny the appeal.

The testimony presented by the state's witnesses revealed the following: As Laurinda Maynard drove away from a variety store in South Windham, with her brother, Gary Maynard, and her cousin, Raymond Swendsen, as passengers, appellant Jones followed closely in his car. Ms. Maynard, who had only a learner's permit, became nervous and pulled over to the side of the road to allow Swendsen to take the wheel. Appellant drove by the stopped vehicle and yelled threats at the occupants. Mr. Swendsen began to drive and appellant unsuccessfully attempted to block the road. Appellant then overtook the Swendsen automobile at a high rate of speed, cut in before he had completed passing, causing the right rear side of his car to collide with the left front of the Swendsen vehicle and forcing the Swendsen car into a ditch.

Appellant neither testified nor presented a defense. At the close of all the evidence, he moved unsuccessfully for judgment of acquittal on the ground of insufficiency of the evidence. He raises the issue again on appeal. It can hardly be disputed that appellant created a risk of serious bodily injury to the occupants of the automobile driven by Raymond Swendsen. Furthermore, the jury was justified in concluding, on the evidence presented, that appellant was aware of the risk created by his conduct and that his conscious disregard of the risk constituted a gross deviation from the standard of conduct that a reasonable and prudent person would observe in operating a motor vehicle. There was thus sufficient evidence that appellant "acted recklessly," within the definition provided by section 10(3) of title 17–A.[2]

---

1. Section 211 provides, in pertinent part:

     "1. A person is guilty of reckless conduct if he recklessly creates a substantial risk of serious bodily injury to another person."
   Section 1252(4) provides, in pertinent part:
     "If the State pleads and proves that a Class B, C, D or E crime was committed with the use of a dangerous weapon then the sentencing class for such crime is one class higher than it would otherwise be."

2. Section 10(3) provides:
     "3. 'Recklessly.'

     A. A person acts recklessly with respect to a result of his conduct when he consciously disregards a risk that his conduct will cause such a result.

     B. A person acts recklessly with respect to attendant circumstances when he consciously disregards a risk that such circumstances exist.

     C. For purposes of this subsection, the disregard of the risk, when viewed in light of the nature and purpose of the person's conduct and the circumstances known to him, must involve a gross deviation from the standard

■ Nor is there any doubt that an automobile may be used as a dangerous weapon within the meaning of 17–A M.R.S.A. § 2(9)(A) (Supp.1978).[3] *State v. Thurlow*, Me., 387 A.2d 22 (1978). We do not understand the state to argue that evidence of reckless operation of a motor vehicle would be in itself sufficient to sustain a conviction for reckless conduct with the use of a dangerous weapon, a Class C crime. In the present case, as in *Thurlow*, the evidence warranted a conclusion by the jury that the defendant intentionally used his automobile as a weapon.[4] The evidence was sufficient to sustain the conviction.

■ The state's final witness was Officer Ballard of the Windham Police Department who testified, over defendant's objection, about a conversation he had with appellant concerning the accident. Ballard related that he first warned appellant of his *Miranda* rights. Appellant replied that he understood and agreed to talk about the accident. Appellant then admitted to Officer Ballard that he was in the car when the accident occurred but stated that he was not driving.

After defendant objected, the following colloquy was held at side bar:

"[DEFENSE COUNSEL]: I don't have to voir dire on the issue of this *Miranda* right. I am not so concerned about that. What I am concerned and I'm jumping the gun a little bit about, is what I believe to be the information she is going to seek to extract by which may well be the nature of an inconsistent statement from Mr. Jones, and we have nothing to be inconsistent with at this time.

THE COURT: Is it an admission?

[THE PROSECUTOR]: No. He is going to testify that at some point he says

he was in an accident but he was not the driver, that's essentially it.

[DEFENSE COUNSEL]: As I understand the statement to read, he indicates an awareness of an accident but he was not the driver. My concern is what are they trying to establish?

THE COURT: That he was there."

■ The presiding justice recognized that, contrary to the prosecutor's assertion, the statement was an admission and admissible as substantive evidence under Rule 801(d)(2), M.R.Evid.[5] Any statement by a defendant in a criminal case which, in conjunction with proof of other facts and circumstances, tends to prove guilt is an admission. *See Commonwealth v. Whitman*, 252 Pa.Super. 66, 380 A.2d 1284, 1287 (1977); McCormick, *Evidence* § 144, at 310 (2d ed. 1972). Appellant's statement tended to establish his presence at the scene of the accident. Appellant now concedes on appeal that the statement qualifies as an admission but contends that such a construction "clearly erodes the fifth amendment right of the defendant not to testify in his own behalf."

Incorrectly, appellant's argument focuses on the use of which prior statements are made rather than on the circumstances in which they are uttered. Any relevant inculpatory evidence presented by the state exerts some pressure on the defendant to testify. In this respect, there is no difference between the use of defendant's prior statements, if voluntarily made in compliance with the protections afforded by the Fifth Amendment and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and the use of other relevant evi-

---

of conduct that a reasonable and prudent person would observe in the same situation."

**3.** Section 2(9)(A) provides:

" 'Use of a dangerous weapon' means the use of a firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which, in the manner it is used or threatened to be used is capable of producing death or serious bodily injury."

**4.** For a discussion, in a different context, of the use of an automobile as a deadly weapon, *see*

*State v. Reim*, 26 Ariz.App. 528, 530, 549 P.2d 1046, 1048 (1976).

**5.** Rule 801(d) provides, in pertinent part:

"A statement is not hearsay if:

   .    .    .    .    .

(2) *Admission by party-opponent.* The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity .  .  . ."

dence. Appellant does not cite any authority in support of his position. On the contrary, a federal court recently rejected a similar contention:

> "Proof that a defendant has made an admission contrary to his interests in the trial cannot be said to be a comment upon his failure to testify." *United States v. Parker*, 549 F.2d 998, 999 (5th Cir. 1977), *rehearing denied en banc*, 552 F.2d 369 (1977).

Admission of appellant's prior statement as substantive evidence did not violate the Fifth Amendment.

■ Appellant's third contention is that it was improper for the state to bring an indictment under section 211 of title 17–A rather than under either section 1311 (reckless driving) or section 1314 (driving to endanger) of title 29. Where the same criminal conduct or episode gives rise to more than one offense, the prosecution has discretion in deciding which offense to charge unless a "contrary legislative intent plainly appears." 17–A M.R.S.A. § 13(1).[6] Appellant asserts that the legislature plainly intended to confine section 211 "to that conduct which does not fall within the ambit of Sections 1311 and 1314 . . . ." The comment to section 211 indicates otherwise:

> "This section of the code relates to the person who drops a brick from the roof into a crowded street, as well as to the reckless motor vehicle driver."

Nor is there anything in the language of section 211 which suggests a legislative intent that the section not be applied to the reckless operation of a motor vehicle in an appropriate case. The state therefore had discretion, under 17–A M.R.S.A. § 13(1), in deciding which crime to charge where, as here, the criminal conduct satisfies the elements of more than one offense. *See United States v. Batchelder*, —— U.S. ——, 99

S.Ct. 2198, 60 L.Ed.2d 755 (1979). Appellant does not allege that the decision to prosecute him under section 211 was "based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1960).

■ Appellant's final point on appeal, first raised in a motion for arrest of judgment, is that it was improper to convict him of reckless conduct with the use of a dangerous weapon. He does not contend that the use of a dangerous weapon is a necessary element of the offense of reckless conduct. Since it is possible to cause serious bodily injury without using a device or instrument,[7] it follows that the risk of serious bodily injury may be created without an instrument. The gist of appellant's argument is rather that, since the reckless conduct in this particular case consisted of operation of an automobile, it is fundamentally unfair or excessive to apply the penalty-enhancement factor for commission of the crime with the use of the automobile as a dangerous weapon. Appellant's argument fails to recognize that section 1252(4) does not create a separate offense; it simply provides that if an offense is committed in a certain manner, the offense should be treated for sentencing purposes as an offense of the next higher class. The proper inquiry, which we have resolved against the appellant, is whether there was sufficient evidence to support the jury's conclusion that the reckless conduct was committed with the use of a dangerous weapon.

The entry is:

Appeal denied.

Judgment affirmed.

---

**6.** Section 13(1) provides:

> "The existence of a crime other than the one charged, but based on the same conduct or arising from the same criminal episode, for which a person may be prosecuted, whether that crime is a lesser or greater crime as to

elements or sentencing classification, shall not preclude prosecution for the offense charged unless a contrary legislative intent plainly appears."

**7.** *See Commonwealth v. Alexander*, 237 Pa.Super. 111, 346 A.2d 319 (1975).