STATE of Maine

v.

Burton M. SEYMOUR.

Supreme Judicial Court of Maine.

Argued May 10, 1983.

Decided July 1, 1983.

Paul Aranson, Dist. Atty., James Rocheleau, Law Student (orally), Bethanne Poliquin, Asst. Dist. Atty., Portland, for plaintiff.

E. Paul Eggert (orally), Daniel G. Lilley, Portland, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and WATHEN, JJ.

WATHEN, Justice.

After a jury trial in the Superior Court (Cumberland County), defendant appeals from convictions for reckless conduct with the use of a dangerous weapon (17-A M.R.S.A. §§ 211, 1252(4) (1983)) and for tampering with a witness (17-A M.R.S.A. § 454(1)(A)(1) (1983)). On appeal, he claims: (1) that with respect to Count I, the court erred in not instructing the jury that they must find that the automobile was intentionally used as a dangerous weapon; and (2) that with respect to Count II, there was insufficient evidence for the jury to find him guilty of tampering with a witness. We deny defendant's appeal.

On January 28, 1982, Michael Welsher and a friend went in a borrowed pick-up truck to defendant's home to collect money owed. After a heated discussion, Welsher left and defendant followed him outside and attempted to prevent him from leaving. Eventually, Welsher was able to leave and drove toward Freeport. Welsher maintains that while on his way to town, with defendant's vehicle six or seven lengths behind his vehicle, he drove his truck over the center line to prevent defendant from forcing him off the road. According to Welsher, defendant drove up behind his truck, ramming it in the rear and causing it to skid sideways. After the collision, Welsher drove directly to the Freeport Police Station, where he and his passenger each gave a statement.

Within a few days of the incident, defendant asked one Ronald Plowman to arrange a meeting between himself and Welsher. Welsher testified that when they met defendant told him that "I should go and change my story to make it, my statement, to read that I swerved out in front of him, before he was trying to pass me."

As a result of the incident, defendant was arrested on February 4, 1982. On February 10 or 11, 1982, defendant again contacted Plowman to approach Welsher and ask him

to "go down and change his statement, to tell the truth, and if he got anything out of it, it probably would be a failure to yield. And Burt [Seymour] said he would pay the fine if he got one."

■ Defendant was charged in Count I with the crime of reckless conduct (17–A M.R.S.A. § 211). The State alleged that the reckless conduct involved the use of a dangerous weapon, which was to be considered as a penalty enhancement factor under 17–A M.R.S.A. § 1252(4). At the close of the evidence, the court instructed the jury that, with respect to Count I, there were three critical elements: "You have to determine, whether or not the state has proven beyond a reasonable doubt that this defendant did on the date and time in question, recklessly create a substantial risk; secondly, of serious bodily injury and; thirdly, with the use of a dangerous weapon." The instruction included definitions of the terms "reckless," "serious bodily injury" and "dangerous weapon." The court defined dangerous weapon according to statute: "use of a firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or threatened to be used is capable of producing death or serious bodily injury." 17–A M.R.S.A. § 2(9)(A) (1983). Defendant did not object to the court's instructions at trial and now challenges them for the first time on appeal. The scope of this Court's review is limited to obvious error. M.R.Crim.P. 52(b). *See State v. Bahre,* 456 A.2d 860, 864 (Me.1983).

■ It is well established that an automobile may be used as a dangerous weapon within the meaning of 17–A M.R.S.A. § 2(9)(A). *State v. Jones,* 405 A.2d 149, 151 (Me.1979). The issue in the present case is whether, to sustain a conviction for reckless conduct with the use of a dangerous weapon (motor vehicle), the State need establish that the defendant *intentionally* used the motor vehicle as a weapon. The defendant, relying upon *Jones,* urges that it does. In *Jones,* this Court noted that "[w]e do not understand the State to argue that evidence of reckless operation of a motor vehicle would be in itself sufficient to sustain a conviction for reckless conduct with the use of a dangerous weapon, a Class C crime." *Id.* In that case, however, the evidence "warranted a conclusion by the jury that the defendant intentionally used his automobile as a weapon." *Id.* Although the Court, in *Jones,* concluded that there was sufficient evidence to establish that the defendant had intentionally used the automobile at issue as a weapon, it did not hold that such a finding was required.

Intent is not an element of reckless conduct. One cannot "intend" to act recklessly.[1] *See State v. Grant,* 418 A.2d 154, 156 (Me.1980). Furthermore, section 1252(4) does not create a separate offense, requiring a separate culpable mental state. It simply provides that if an offense is committed with the use of a dangerous weapon, then that offense should be treated *for sentencing purposes* as an offense of the next higher class. *See Jones,* 405 A.2d at 152. Section 34(4)(A) of 17–A M.R.S.A. specifically provides that a culpable mental state need not be proved with respect to any fact which is solely a basis for sentencing classification.

We discern no obvious error in the court's failure to instruct the jury that defendant must have *intended* to use his vehicle as a dangerous weapon.

1. "Recklessly" is defined in section 35(3) of 17–A M.R.S.A. as follows:

3. "*Recklessly.*"
A. A person acts recklessly with respect to a result of his conduct when he consciously disregards a risk that his conduct will cause such a result.
B. A person acts recklessly with respect to attendant circumstances when he conscious-ly disregards a risk that such circumstances exist.
C. For purposes of this subsection, the disregard of the risk, when viewed in light of the nature and purpose of the person's conduct and the circumstances known to him, must involve a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation.

With regard to the remaining issue on appeal, we conclude that there is sufficient evidence to support the conviction for tampering with a witness. The jury was free to accept Welsher's version of the accident and to find defendant's version, as stated in his request to Welsher, to be substantially different. Therefore, the jury could have reasonably inferred the requisite intent to induce Welsher to lie or testify falsely.

The entry is:

Judgments of conviction affirmed.

All concurring.