STATE of Maine

v.

Michael SHEA.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 29, 1991.

Decided April 3, 1991.

Paul Aranson, Dist. Atty., Richard Romanow, Asst. Dist. Atty., Portland, for plaintiff.

Seth Berner, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Michael Shea appeals from judgments entered by the Superior Court (Cumberland County, *Lipez, J.*) following his conviction on five counts of gross sexual misconduct, 17–A M.R.S.A. § 253 (1983 and Supp.1990), six counts of assault, 17–A M.R.S.A. § 207 (1983 & Supp.1990), one count of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp.1990), and two counts of reckless conduct, 17–A M.R.S.A. § 211 (1983). On appeal, Shea contends that he has not been adequately informed of the factual bases of his assault convictions and, therefore, risks double jeopardy. He also contends that the evidence produced at trial is insufficient to sustain the jury's verdict on one of the gross sexual misconduct counts. Shea does not challenge his convictions on the remaining counts. We affirm the judgments.

■ The events giving rise to Shea's indictment occurred sometime during the fall of 1987 and involved his nephews, then ages three and six. The assault counts contained in the indictment are set forth in general language that describes each element of the crime but does not make reference to any particular act. Shea never requested a bill of particulars and did not otherwise object to the indictment prior to trial. Accordingly, Shea has waived any challenge to the sufficiency of the indictment. M.R.Crim.P. 12(b)(2); *State v. Crocker*, 435 A.2d 58, 68 (Me.1981). Shea does not contend that his failure to challenge the indictment in a timely fashion should be excused and no valid excuse is apparent from the record.

Shea's primary argument on appeal is that he has not been adequately apprised of the factual bases of his assault convictions and, thus, may be open to the danger of double jeopardy in the future. We disagree.

■ The verdict form presented to the jury mirrors the indictment and makes no

reference to specific acts of assault. During the course of trial, however, the prosecutor stated that one of the assault counts contained in the indictment corresponds to allegations that Shea threw a dart at his six-year-old nephew and scratched him. This count was voluntarily dismissed at the close of the State's case for lack of evidence. With respect to the six remaining assault counts, all of which were presented to the jury in the verdict form, the prosecutor indicated that two correspond to testimony that Shea forced his nephews' faces into a feces-filled toilet, two correspond to testimony that Shea smeared their faces with excrement and two correspond to testimony that he wrote on them with magic marker. Although the evidence produced at trial also indicates that Shea threw his six-year-old nephew against a wall and hung him from a bathroom window, it is clear from the colloquy at trial that these potential assault counts were not pursued by the State. We treat the colloquy at trial as the equivalent of a bill of particulars specifically identifying the acts giving rise to each of the six assault counts upon which Shea was convicted. *See State v. Terrio*, 442 A.2d 537, 540 (Me.1982). We conclude that Shea has been adequately apprised of the factual basis of each assault conviction for double jeopardy purposes.

Next, Shea contends that the evidence at trial is insufficient to sustain his conviction on Count V of the indictment alleging direct physical contact between the sex organs of the six-year-old and an instrument or device manipulated by Shea. This contention is without merit. We find evidence sufficient to sustain a guilty verdict on this count. *See State v. Thomas*, 507 A.2d 1051, 1054 (Me.1986); *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgments affirmed.

All concurring.