MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2015 ME 70
Docket:        Kno-14-237
Argued:        May 13, 2015
Decided:       June 9, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, <u>GORMAN</u>, and JABAR, JJ.

STATE OF MAINE

v.

STEVEN E. CLARKE

GORMAN, J.

[¶1]  Steven E. Clarke appeals from a judgment of conviction for tampering with a witness (Class C), 17-A M.R.S. § 454(1)(A)(2) (2014), and violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2014), entered by the court (*Hjelm, J.*) after a jury trial.  Clarke challenges the sufficiency of the indictment to inform him of the tampering charge and the sufficiency of the evidence supporting his conviction on that charge.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  We view the facts established at trial, including all reasonable inferences from the evidence, in the light most favorable to the State.  *See State v. Wyman*, 2015 ME 2, ¶ 15, 107 A.3d 1134.  That evidence establishes that in 2013, the State charged Clarke with driving to endanger (Class E), 29-A M.R.S.

§ 2413(1) (2014). One of the State's witnesses in that matter was a man who observed Clarke's acts that gave rise to the driving to endanger charge.

[¶3] On September 18, 2013, before the trial on the charge of driving to endanger, Clarke went to the auto repair shop where the witness worked. Clarke began discussing the case and the upcoming hearing date, and told the witness and others that he could go to jail and lose his license if he were convicted. He suggested that "maybe [the witness] could miss [his] court date" and that the witness "should be quiet and not say anything, [he] didn't know anything." The witness reported the incident to the District Attorney's office.

[¶4] Clarke was indicted for tampering with a witness (Class C), 17-A M.R.S. § 454(1)(A)(2), and violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A), to which he pleaded not guilty. After a trial, the jury found Clarke guilty of tampering with a witness, and on that basis, the court found that Clarke had violated a condition of release by committing new criminal conduct.[1] The court sentenced Clarke to twelve months in prison for tampering with a witness and four concurrent months for violating a condition of release. Clarke appeals.

---

[1] After being charged with driving to endanger, Clarke had been placed on bail. One of the conditions of that bail was that he commit no new criminal conduct. Because Clarke's conviction for violating a condition of release is wholly dependent on his conviction for tampering with a witness, we do not address that count separately.

## II. DISCUSSION

[¶5]   Clarke argues that the evidence presented at trial is insufficient to support his conviction for tampering with a witness.[2]   A person commits tampering with a witness pursuant to section 454(1)(A)(2) when the person, "believing that an official proceeding . . . or an official criminal investigation is pending or will be instituted, . . . [i]nduces or otherwise causes, or attempts to induce or cause, a witness or informant . . . [t]o withhold testimony, information or evidence."[3] 17-A M.R.S. § 454(1)(A)(2).   "[A]ttempt" occurs when, "acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, the person engages in conduct that in fact constitutes a substantial step toward its commission."   17-A M.R.S. § 152(1) (2014).

[¶6] Clarke stipulated that he understood that a criminal charge was pending against him, and the witness testified that he had been subpoenaed as a witness in that pending matter.   The witness also testified that Clarke suggested he should "be

---

[2]   Clarke also challenges the sufficiency of the indictment to adequately inform him of the charge of tampering with a witness.   Because Clarke neither challenged the indictment before the trial court nor sought a bill of particulars, we decline to address this argument.   *See* M.R. Crim. P. 12(b)(2), 16(c)(1); *State v. Shea*, 588 A.2d 1195, 1195 (Me. 1991); *see also* M.R.U. Crim. P. 12(b)(2), 16(d)(1).

[3]   "Official proceeding" is defined as "any proceeding before a legislative, judicial, administrative or other governmental body or official authorized by law to take evidence under oath or affirmation including a notary or other person taking evidence in connection with any such proceeding." 17-A M.R.S. § 451(5)(A) (2014).

quiet and not say anything" or that he "could miss [the] court date." This testimony, including all reasonable inferences regarding Clarke's intent, constitutes a sufficient basis on which reasonable jurors could find, beyond a reasonable doubt, that Clarke committed each element of tampering with a witness. *See State v. Perkins*, 2014 ME 159, ¶ 13, 107 A.3d 636; *State v. Seymour*, 461 A.2d 1060, 1062 (Me. 1983) (holding that "the jury could have reasonably inferred the requisite intent to induce [the witness] to lie or testify falsely" from the defendant's statements to the witness).

[¶7] Contrary to Clarke's suggestion, that he did not expressly threaten the witness or that the witness did not feel threatened by Clarke is of no moment because the statute allows a conviction for tampering with a witness based only on Clarke's *attempt* to induce the witness not to testify against him. *See* 17-A M.R.S. § 454(1)(A). The statute does not require the State to prove that Clarke threatened the witness in any way, or that Clarke was successful in affecting the witness's testimony. *See* 17-A M.R.S. § 454(1)(A)(2). The remainder of Clarke's arguments—primarily regarding the witness's credibility—are not persuasive. *See Perkins*, 2014 ME 159, ¶ 13, 107 A.3d 636; *State v. Reardon*, 486 A.2d 112, 118-19 (Me. 1984).

The entry is:

Judgment affirmed.

**On the briefs:**

Jeremy Pratt, Esq., and Ellen Simmons, Esq., Camden, for appellant Steven Clarke

Geoffrey Rushlau, District Attorney, and Jeffrey Baroody, Asst. Dist. Atty., Prosecutorial District VI, Rockland, for appellee State of Maine

**At oral argument:**

Jeremy Pratt, Esq., for appellant Steven Clarke

Jeffrey Baroody, Asst. Dist. Atty., for appellee State of Maine

Knox County Superior Court docket number CR-2013-250
FOR CLERK REFERENCE ONLY