MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2016 ME 154
Docket:       Cum-15-635
Argued:       September 15, 2016
Decided:      October 18, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

JASON M. FOSTER

SAUFLEY, C.J.

[¶1]  Jason M. Foster was charged by indictment with eighteen criminal counts based on allegations that he had pretended to be a police officer in order to compel or induce four women who were engaged in prostitution to have sex with him as he demanded.  Foster appeals from a judgment of conviction entered by the court (Cumberland County, *Warren, J.*) after a jury found him guilty of two counts of gross sexual assault (Class B), 17-A M.R.S. § 253(2)(B) (2015); four counts of impersonating a public servant (Class E), 17-A M.R.S. § 457(1), (3) (2015); and two counts of engaging a prostitute (Class E), 17-A M.R.S. § 853-B(1)(A) (2015), based on his conduct toward three of the four women identified by initials in the indictment.  He argues that he was deprived of due process because the indictment and jury verdict

form did not adequately distinguish among separate allegations involving each victim. We affirm the judgment.

## I. BACKGROUND

[¶2]  Foster was charged with eighteen crimes involving four victims through an indictment signed on November 7, 2014.  For each count, he was charged with a crime alleged to have occurred "between October 9, 2013 and October 9, 2014."  Although the indictment did not specify the victims for the counts of impersonating a public servant, the organization of the indictment and the specificity in the jury verdict form make clear which counts are associated with each alleged victim.  The indictment charged four counts of gross sexual assault (Counts 1 through 4) and four counts of impersonating a public servant (Counts 5 through 8) with respect to one woman; two counts of engaging a prostitute (Counts 11 and 12) and two counts of impersonating a public servant (Counts 13 and 14) with respect to a second woman; two counts of gross sexual assault (Counts 15 and 16) and two counts of impersonating a public servant (Counts 17 to 18) with respect to a third woman; and single counts of theft by extortion (Class C), 17-A M.R.S. § 355(1), (3) (2015), (Count 9) and impersonating a public servant (Count 10) with respect to a fourth woman.

[¶3]  In April 2015, Foster moved for a bill of particulars regarding the counts charging him with gross sexual assault and impersonating a public servant.  He argued that duplicative language in the indictments and the broad date range failed to provide him sufficient notice of the basis for each charge against him, thereby depriving him of the opportunity to prepare a defense, and failed to protect him from double jeopardy.  A month later, after further discovery, Foster withdrew his motion for a bill of particulars without prejudice.  He did not file another motion for a bill of particulars.

[¶4]  The court held a jury trial on August 18, 19, and 20, 2015.  Foster did not request jury instructions explaining the requirement of unanimity as to each specific charged crime.  Nor did Foster seek further clarification of the nature of each alleged crime in the jury verdict form.  The verdict form identified, for each charged crime, the name of the alleged victim.  No further specificity was provided in the form, except to require the jury to find whether, if Foster engaged a prostitute, he did so after the date at the start of the date range for the charged crimes.

[¶5]  The jury found Foster guilty of eight of the eighteen charges, which involved three of the four alleged victims.  The jury found him guilty of the third listed count of gross sexual assault of one victim (Count 3) and the third

4

listed count of impersonating a public servant with respect to that victim (Count 7). It also found that he was guilty of both counts of engaging another victim as a prostitute (Counts 11 and 12) and both counts of impersonating a public servant with respect to that victim (Counts 13 and 14). Finally, the jury found Foster guilty of the second listed count of gross sexual assault (Count 16) and the second listed count of impersonating a public servant (Count 18) with respect to the third victim.[1]

[¶6] The court sentenced Foster to eight years in prison for the conviction of gross sexual assault alleged in Count 3, to be served consecutively to concurrent four-month sentences for his convictions of Counts 11, 12, 13, 14, and 18. The court imposed a six-month sentence for impersonating a public servant with respect to the victim of Count 3 (Count 7), to be served concurrently with the sentence for Count 3; a seven-year sentence, all suspended, for the other gross sexual assault conviction (Count 16), to run consecutively to the sentence for Count 3; and a three-year term of probation. The court also ordered Foster to pay a fine of $1,150 and to pay up

---

[1] Foster does not contest the sufficiency of the evidence to establish the crimes of which he was convicted, and "there was ample evidence upon which the jury could find [him] guilty beyond a reasonable doubt of each element of the crimes charged." *State v. Poulin*, 2016 ME 110, ¶ 39, --- A.3d ---.

to $500 to reimburse the victims' compensation fund for restitution benefitting one of the victims.

[¶7]   Foster timely appealed from the judgment of conviction and applied for leave to appeal from his sentence.  *See* 15 M.R.S. §§ 2115, 2151 (2015); M.R. App. P. 2, 20.  The Sentence Review Panel denied his application for sentence review, *see* 15 M.R.S. § 2152 (2015); M.R. App. P. 20(f), and we now consider his appeal from the judgment of conviction.

## II.  DISCUSSION

[¶8]  If a defendant files and pursues a motion for a bill of particulars to challenge the sufficiency of an indictment, we review a denial of the motion for an abuse of discretion.  *See State v. Flynn*, 2015 ME 149, ¶ 27, 127 A.3d 1239.  We do not, however, review the issue at all when a defendant has knowingly and voluntarily waived the issue of an indictment's sufficiency by declining to request a bill of particulars or otherwise challenge the indictment in the trial court.  *See* M.R.U. Crim. P. 12(b)(2); *State v. Clarke*, 2015 ME 70, ¶ 5 n.2, 117 A.3d 1045 (declining to review the sufficiency of an indictment to inform the defendant of a charge when he neither challenged the indictment before the trial court nor sought a bill of particulars); *State v. Shea*, 588 A.2d 1195, 1195 (Me. 1991) (concluding that a defendant waived a challenge to the

indictment by failing to move for a bill of particulars or object to the indictment before trial).

[¶9]  Foster was aware that the State had charged him with multiple crimes against each alleged victim during the same time range.  He filed a motion for a bill of particulars based on assertions of vagueness in the indictment but then withdrew the motion.  Thus, despite a demonstrated awareness of the procedural mechanism available to challenge the indictment, Foster voluntarily withdrew his motion for a bill of particulars and thereby waived any issue of a vagueness defect in the indictment.  *See Clarke*, 2015 ME 70, ¶ 5 n.2, 117 A.3d 1045.  Foster also elected not to request a specific jury instruction regarding the requirement of unanimity for each convicted count, *see* Me. Const. art. I, § 7, and not to request further clarification in the verdict form identifying which alleged incident corresponded with each count on the jury verdict form.

[¶10]  Although Foster now argues that he did not receive due process, was deprived of a fair trial, and may be exposed to double jeopardy, he did not seek further process to address the specificity of charges in the trial court.  *See Clarke*, 2015 ME 70, ¶ 5 n.2, 117 A.3d 1045; *State v. Bilynsky*, 2008 ME 33, ¶ 7, 942 A.2d 1234.  "[A] party must pursue the process that is available before

complaining of a procedural inadequacy" for purposes of a due process challenge. *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 28, 125 A.3d 1141. We will not review an issue—even for obvious error—when a party has, as a trial strategy, openly acquiesced to the process employed. *See State v. Ford*, 2013 ME 96, ¶¶ 15-17, 82 A.3d 75.

[¶11]    Ultimately, Foster's trial strategy was relatively effective, resulting in his acquittal on ten of the eighteen charged counts.  The jury's verdict demonstrates that, after it heard testimony and arguments, and received agreed-upon instructions from the court, it considered the evidence of multiple incidents to determine which crimes the State had proved beyond a reasonable doubt and which it had not.  It then presented its verdict by completing a jury verdict form that was agreed upon by Foster and the State. A review of the numerical design and the jury's answers on the completed verdict form indicates that the jury found that the State had proved specific incidents and had not proved others.  Given the record of the proceedings in this case, we consider the due process and double jeopardy issues that Foster now asserts to have been waived.  We will not disturb the judgment of conviction.

8

The entry is:

Judgment affirmed.

_____

**On the briefs:**

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for appellant Jason M. Foster

Stephanie Anderson, District Attorney, and Jennifer F. Ackerman, Dep. Dist. Atty., Prosecutorial District Two, Portland, for appellee State of Maine

**At oral argument:**
Jamesa J. Drake, Esq., for appellant Jason M. Foster

Jennifer F. Ackerman, Dep. Dist. Atty., for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2014-7356
FOR CLERK REFERENCE ONLY